**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000406**
**14-APR-2023**
**08:15 AM**
**Dkt. 128 ORD**

NO. CAAP-22-0000406

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEFFREY SCOTT GOOLD, Plaintiff-Appellant, v.
HAWAIIAN ELECTRIC COMPANY, INC.; HAWAIIAN ELECTRIC INDUSTRIES,
INC.; ELIZABETH DEER; SHANA M. BUCO, Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0000216)

ORDER REINSTATING APPEAL
(By: Leonard, Presiding Judge, McCullen and Chan, JJ.)

Upon consideration of self-represented Plaintiff-Appellant Jeffrey Scott Goold's (**Goold**) March 31, 2023 "Plaintiff Position Statement Regarding Order Granting Motion to Dismiss [Dkt No 113]" (**Position Statement**),[1] the papers in support, and the record, it appears:

---

[1] Goold fails to expressly set forth the relief sought. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 27(a) (providing in part that a "motion must contain or be accompanied by any matter required by a specific provision of these Rules governing such a motion, shall state with particularity the grounds upon which it is based, and shall set forth the order or relief sought"); see Erum v. Llego, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020) (holding that "pleadings prepared by pro se litigants should be interpreted liberally").

Goold is cautioned to comply with the HRAP. HRAP Rule 1(d) (providing in part that "[a]ttorneys and pro se parties are deemed to be aware of, and are expected to comply with, all of the provisions of these rules").

Future violations may result in the motion being denied, sanctions, or both.

(1) Goold's Position Statement is in response to this court's March 31, 2023 Order Granting Motion to Dismiss Appeal (**Dismissal Order**);

(2) Goold contends this court misunderstood his March 2, 2023 "Notice of Withdrawal Under Objection" in that he did not intend to abandon, dismiss, or withdraw his appeal via motion under HRAP Rule 42(b) but rather, to give notice that he withdraws the appeal "under objection";

(3) Goold only sought dismissal of the appeal *without prejudice*;

(4) However, HRAP Rule 42 does not permit dismissals without prejudice, and Goold does not otherwise appear to seek dismissal of the appeal *with* prejudice; and

(5) The opening brief, originally due October 3, 2022, was due on a second extension on or before March 1, 2023. Despite the extensions, Goold failed to file the opening brief or timely request an additional extension, and is in default.

Therefore, it is hereby ordered:

1. The Dismissal Order is vacated and the appeal is reinstated.

2. Goold's March 2, 2023 "Notice of Withdrawal Under Objection," construed as a motion to dismiss the appeal *without prejudice*, is denied.

3. Specially Appearing Defendant-Appellee Hawaiian Electric Company, Inc.'s March 17, 2023 "Motion to Dismiss Notice of Appeal with Prejudice" is denied without prejudice.

4. Goold's March 19, 2023 "Motion for Reconsideration" is denied.

5. The deadline to file the opening brief is extended to May 15, 2023. No further extensions of time will be granted absent extraordinary circumstances.

DATED: Honolulu, Hawaiʻi, April 14, 2023.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge

2